# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) CIV-20-<u>1144-HE</u> ) |
| $249,980.00 IN UNITED STATES CURRENCY, | ) ) ) ) |
| Defendant. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges upon information and belief for this *in rem* forfeiture action brought against United States currency in the amount $249,980.00, (the "Defendant Currency") that Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## THE DEFENDANT *IN REM*

2. Defendant Currency consists of $249,980.00 in United States Currency seized by the Oklahoma Highway Patrol (OHP) during a traffic stop on I-40, west of Garth Brooks Boulevard, in Yukon, Oklahoma on June 3, 2020. The traffic stop occurred in Canadian County, Oklahoma, which is in the Western District of Oklahoma.

3. On June 9, 2020 the Defendant Currency was adopted by the Drug Enforcement Administration (DEA), and is currently in the custody of the United States Marshals Service, where it shall remain subject to this court's jurisdiction during the pendency of this action.

4. On August 13, 2020, Donald Cooper Dozier filed a claim of ownership to Defendant Currency with DEA to contest the administrative forfeiture of the Defendant Currency.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the Defendant Currency according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

7. Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States alleges that Defendant Currency is subject to forfeiture to the United States because it is money intended to be exchanged for controlled substances, proceeds traceable to the exchange of money for controlled substances, and money used or

intended to be used to facilitate the purchase or distribution of controlled substances. Specifically, the United States alleges that the Defendant Currency is forfeitable to the United States according to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C §§ 841 and 846.

9. Title 21, United States Code, Section 881(a)(6) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## **FACTS**

10. On June 3, 2020, at approximately 1:04 A.M., OHP Trooper Eddie Fish observed a maroon Honda Ridgeline, bearing Georgia state license plate number DL09F19, weaving over the lane line from right to left. Failure to maintain lane is a violation of Oklahoma State traffic laws. Trooper Fish then conducted a traffic stop of the maroon Honda Ridgeline.

11. The traffic stop occurred in the westbound lane of Garth Brooks Boulevard on Interstate 40 in Yukon, Oklahoma, which is in the Western District of Oklahoma.

12. After making the stop, Trooper Fish approached the vehicle to make contact with the driver, and only occupant, of the maroon Honda Ridgeline. Trooper Fish identified the driver as Donald Cooper Dozier (Mr. Dozier).

13. Trooper Fish made initial contact with Mr. Dozier through the passenger side window and asked Mr. Dozier to join him in his cruiser. While making initial contact with Mr. Dozier, Trooper Fish noticed multiple large containers of water, a large container of snacks, and observed the vehicle to be very clean.

14. Trooper Fish advised Mr. Dozier that he would only be receiving a warning and asked him about his travel plans. Mr. Dozier then stated he was traveling from Acworth, Georgia, to Phoenix, Arizona, to see a girl that he had met on a dating website.

15. Mr. Dozier explained to Trooper Fish that he borrowed the vehicle from a friend who owns a car lot.

16. Trooper Fish asked what Mr. Dozier currently did for work. Mr. Dozier stated that he currently renovated hotels and also worked from home. Mr. Dozier later stated he was not currently working.

17. While speaking to Mr. Dozier, Trooper Fish observed Mr. Dozier yawning and noticed Mr. Dozier's pulse pounding in his neck. Trooper Fish also noted Mr. Dozier continually scratching his head and legs as well as playing with his hair. Based on training and experience, Trooper Fish believed these to be signs of nervousness. This made Trooper Fish suspicious that Mr. Dozier may be engaged in criminal activity.

18. Trooper Fish again asked Mr. Dozier about the reason for his trip. Mr. Dozier changed his statement regarding the circumstances of meeting and seeing the girl in Phoenix. Trooper Fish asked consent to search the vehicle, to which Mr. Dozier declined.

19. Trooper Fish contacted the Canadian County Deputy Sheriff's Department and requested the assistance of a K9 unit to conduct a free air sniff. Canadian County Deputy

Sheriff Allen arrived with his K9 Partner, Pickles. Pickles conducted a free air sniff. During the free air sniff, Pickles alerted to the presence of narcotics or contraband in the vehicle.

20. Based on K9 Pickles' alert, Trooper Fish conducted a probable cause search of the vehicle. During the search, the bed cover of the truck was pulled back to reveal a large and newly built audio speaker box. Trooper Fish noted the box took up nearly the entire bed of the truck and noted that there were no wires connecting it to the vehicle. One of the speakers was removed from the box, revealing an empty interior.

21. The box was removed from the truck bed, which revealed a factory storage compartment under the bed of the truck. After unlocking the compartment and lifting the lid, Trooper Fish observed a small safe on the right side of the compartment. Trooper Fish noted the safe was not locked, and he found thirteen (13) vacuum-sealed bags containing bundles of cash concealed in the safe. Trooper Fish noted that the cash was organized and bundled together by denomination and bound by rubber bands.

22. After locating the currency, Trooper Fish detained Mr. Dozier and then secured the safe and currency.

23. Trooper Fish asked Mr. Dozier about the currency and Mr. Dozier stated it was his life savings.

24. Mr. Dozier did not have any documentation for the currency.

25. Mr. Dozier stated that he could not show where the money originated and explained that he received tips while working for Uber for approximately three (3) years.

26. Trooper Fish asked Mr. Dozier how much money was in the safe which Mr. Dozier at first responded two-hundred thousand, but later changed his statement to a little less than two-hundred thousand dollars.

27. Trooper Fish placed Mr. Dozier under arrest for the Oklahoma State law violation of Possession of Proceeds Derived from Illegal Activity.

28. Trooper Fisher transported the currency to the OHP Special Operation Office in Oklahoma City where bulk currency was counted with a money counter. Trooper Fish noted in his report that while opening the vacuum sealed bags, a strong odor of marijuana was coming from the cash. The total amount of currency was determined to be $249,980.00.

29. On June 3, 2020, DEA Special Agent (SA) Sean Lively and DEA Task Force Officer (TFO) Mike Frame interviewed Mr. Dozier at the Canadian County Jail in El Reno, Oklahoma, regarding his arrest by OHP. SA Lively and TFO Frame introduced themselves and asked Mr. Dozier if he would speak to them, to which he agreed.

30. After being advised of his his *Miranda* Rights by TFO Frame, Mr. Dozier stated the currency found in the maroon Honda Ridgeline was approximately $250,000.00, organized by bill type, and was the entirety of his life savings.

31. Mr. Dozier claimed he was traveling from Georgia to Phoenix to meet a girl that he met on the dating website or application "Tinder" approximately four months ago. Mr. Dozier refused to provide information about the female he planned to meet. Mr. Dozier stated that he did not have any contact information for the female. Mr. Dozier had two cell

phones, one phone Mr. Dozier stated was for personal use and the other was strictly to talk to girls.

32. Mr. Dozier stated that he makes approximately $600 every two weeks at his hotel job and has worked there since September 2019. Mr. Dozier claimed before that hotel job that he worked as an Uber driver for three or four years and claimed the majority of seized currency came from his Uber tips. Mr. Dozier claimed he had little life expenses beyond paying $400 in rent each month.

33. Mr. Dozier stated the maroon Honda Ridgeline belonged to his friend, Joseph Kinser (Mr. Kinser).

34. On June 4, 2020, Nicole Kinser (Ms. Kinser) called the Oklahoma Highway Patrol about the arrest of Mr. Dozier the previous day. Ms. Kinser spoke to Captain Paul Christian. She stated she had information about the currency seized from Mr. Dozier. Ms. Kinser stated her ex-husband, Mr. Kinser, had recently flown to California with his current girlfriend to facilitate "some sort of deal."

35. Ms. Kinser stated that Mr. Dozier was working for Mr. Kinser as a courier.

36. She stated that Mr. Dozier was supposed to travel west and exchange the currency for some sort of "product."

37. Ms. Kinser stated that she knew Mr. Kinser to be a drug dealer. Lastly, Ms. Kinser stated Mr. Kinser used his company AutoSmart USA, LLC, which was ostensibly a car dealership, as a cover or front for illegal activity. The investigation revealed that the maroon Honda Ridgeline was registered to AutoSmart USA, LLC.

38.     On November 3, 2020, Ms. Kinser told law enforcement that Mr. Kinser is engaged in the distribution of large quantities of marijuana.  Ms. Kinser stated that she believed Mr. Dozier was transporting the currency west to pick up a load of marijuana.

39.     As a result of the foregoing, the Defendant Currency is liable to condemnation and to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant Currency; that the Defendant Currency be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

TIMOTHY J. DOWNING
United States Attorney

/s/ Wilson D. McGarry
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone:  (405) 553-8700
E-mail:  wilson.mcgarry@usdoj.gov

## **VERIFICATION**

I, Sean Lively, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint of Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true of my own knowledge, except those matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 10, 2020.

_____
Sean Lively, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me this 10 day of November, 2020.

_____
NOTARY PUBLIC

[Notary Seal: WANDA M. SCHRF, NOTARY, #99015532, EXP. 10/25/23, STATE OF OKLAHOMA]

JS 44 (Rev. 06/17)

Case 5:20-cv-01144-HE   Document 1-2   Filed 11/10/20   Page 1 of 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$249,980.00 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wilson D. McGarry, Assistant U.S. Attorney
U.S. Attorney's Office, 210 Park Ave., Ste 400, Oklahoma City, OK 73102; Phone: 405.553.8700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21 U.S.C. § 881(a)(6), for violations of 21 U.S.C. §§ 841 and 846

Brief description of cause:
Defendant Property constitutes or is derived from drug proceeds

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 11/10/2020

SIGNATURE OF ATTORNEY OF RECORD: s/Wilson D. McGarry

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

[Print]   [Save As...]   [Reset]